919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CSX TRANSPORTATION, INC., Plaintiff-Appellee,
v.
Cheryl L. MAY, Charles G. May, Defendants-Appellants.
 Nos. 89-6497, 89-6498.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants-appellants claim that the district court abused its discretion in entering a default judgment as a discovery sanction under Fed.R.Civ.P. 37 for failure to respond to interrogatories, and in denying their Fed.R.Civ.P. 60(b) motion to set aside the default judgment entered against them. For the reasons that follow, we AFFIRM.
 
 
 2
 On September 19, 1988, CSX Transportation, Inc. (CSX) brought a diversity action against Cheryl Lynn May, Glenn David May, and Charles G. May, individually, and against Glenn David May and Charles G. May, as partners, to recover damages caused by slides from the Mays' surface mining operation onto CSX's railroad tracks. The court directed that all discovery be completed by June 30, 1989, and set a trial date of September 18, 1989.
 
 
 3
 On January 25, 1989, CSX served its first set of interrogatories on defendants. Having received no response, CSX filed a motion on April 17, 1989 seeking sanctions pursuant to Fed.R.Civ.P. 37(d)(2). The motion was supported by the affidavit of counsel for CSX setting forth his informal efforts to obtain compliance with the discovery request. Defendants failed to file a response to the motion for sanctions. Therefore, on May 11, 1989, the court ordered that the defendants show cause within ten (10) days why the court should not grant the motion of CSX and impose sanctions and costs. In its order, the court stated that the information sought by the plaintiff was relevant both to the plaintiff's claims against the defendants and to the defendants' counterclaim, and noted that pursuant to Local Rule 6(b)(1)(A), the "[f]ailure to file an opposing memorandum may be grounds for granting the motion for sanctions."
 
 
 4
 On May 20, 1989, attorney Webb filed a response to the show cause order stating that defendants had misplaced the interrogatories and requesting an additional ten days to complete discovery prior to the issuance of sanctions. Webb added her assurance that the response would be complete. By order dated May 30, 1989, the court granted defendants ten (10) days to file a response to the interrogatories, and stated that plaintiff's motion for sanctions would be heard at the pretrial conference set for September 7, 1989.
 
 
 5
 Still having received no response, CSX filed a second Rule 37 motion on June 20, 1989 seeking default judgment and dismissal of the counterclaim. On June 22, 1989, only eight days prior to the discovery cutoff, a response to the first set of interrogatories was received by CSX; however, CSX considered the answers to be incomplete and evasive. Therefore, on June 28, 1989, CSX filed a third motion seeking discovery sanctions against defendants for willful failure to provide non-evasive and complete responses to the plaintiff's first set of interrogatories.
 
 
 6
 On August 8, 1989, the court once again ordered the defendants to show cause within ten (10) days why the plaintiff's motion should not be granted. The court noted that defendants had failed to file a response to either of CSX's prior two motions for discovery sanctions, and reiterated that pursuant to Local Rule 6(b)(1)(A) the failure to file an opposing memorandum afforded grounds for granting the motion for sanctions. The court also pointed out that the sanctions sought included dismissal of the counterclaim, striking of defendants' answer, and the entry of default. No response to the show cause order was forthcoming from defendants. Thus, on August 25, 1989, the court granted CSX's motion for discovery sanctions pursuant to Rule 37 and ordered that the counterclaim be dismissed with prejudice, that the answer be stricken, and that the clerk make an entry of default against the defendants.
 
 
 7
 On September 1, 1989, attorney Martin appeared on behalf of Cheryl Lynn May and Charles G. May (the Mays) and moved to set aside the order of default and file additional answers to the interrogatories. The court denied the motion, stating:
 
 
 8
 The Court entered default against defendants for the continuing failure to respond to motions and orders of the Court. Defendants also failed to timely conduct discovery in this matter in compliance with applicable time limits. Furthermore, the defendants are 'bound by the acts of [their] lawyer-agent....' Link v. Wabash RR. Co., 370 U.S. 626, 634 (1962). The defendants have simply failed to show good reason for their actions.
 
 
 9
 The default judgment was entered on September 26, 1989 in the amount of $157,231.36. On October 4, 1989, the Mays filed a motion requesting the court to set aside the default judgment pursuant to Fed.R.Civ.P. 60(b).[1] On October 27, 1989, the court denied the motion for the reasons stated in its previous orders.
 
 
 10
 A. Authority to enter a default judgment under Rule 37.
 
 
 11
 Defendants-appellants' first argument is that the court was without authority to enter a default judgment because the August 25, 1989 order was entered pursuant to Rule 37(a),[2] which merely authorizes the award of expenses on a motion to compel discovery, rather than pursuant to Rule 37 generally.[3] We have reviewed both the plaintiff's motion and the court's order, however, and have determined that both refer to Rule 37 generally. Moreover, it is obvious that the lower court was not confronted with a simple isolated question as to whether defendants had answered interrogatories evasively or incompletely, but rather was confronted with a history of failures to respond to discovery. We therefore analyze the propriety of the district court's ruling taking into consideration all of the various sanctions which are available for abuse of the discovery process under Rule 37.
 
 
 12
 In this case, it is clear that the default sanction was appropriately invoked under Rule 37(d). Rule 37(d)(2) provides that, if a party fails to serve answers or objections to interrogatories, "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this Rule." Subdivision (b)(2) enumerates a number of sanctions available to the court, including the ultimate sanction of default. In Charter House Ins. Brokers Ltd. v. New Hampshire Ins. Co., 667 F.2d 600, 603-4 (7th Cir.1981), the Seventh Circuit held that if a party fails to answer or object to interrogatories the court may impose sanctions directly under Rule 37(d) without first issuing an order to compel discovery under Rule 37(a). In Charter House, the plaintiff had not produced any documents at the time the defendant's Rule 37(d) motion for sanctions or dismissal was made. At the close of the hearing, the court agreed to postpone ruling on the motion for ten days to allow Charter House's counsel time to turn over the requested documents. After Charter House produced most of the documents, but omitted certain financial statements, the court granted plaintiff's renewed motion to dismiss, holding that plaintiff's late and incomplete tender did not end the applicability of Rule 37(d).
 
 
 13
 Here, at the time that plaintiff's second motion for sanctions was filed on June 20, 1989, plaintiff had not yet received any response to its interrogatories and the court would therefore have been authorized at that time to grant the default judgment under Rule 37(d). The fact that defendants submitted evasive and incomplete answers to interrogatories on June 22, 1989, which in turn prompted CSX to file a third motion on June 28, 1989 seeking default, does not alter the conclusion that Rule 37(d) was properly invoked. Unlike Charter House, which was sanctioned immediately upon failure to produce all of the requested documents, the Mays were given ten (10) days after they submitted inadequate interrogatory answers to show cause why their case should not be dismissed. Moreover, the court's two show cause orders of May 11, 1989 and August 8, 1989 can, in effect, be viewed as orders compelling defendants to respond to discovery within ten (10) days. Thus, even if a court order were necessary, we would treat the show cause orders as orders compelling discovery for purposes of Rule 37(a).
 
 
 14
 B. Refusal to Set Aside the Default Judgment
 
 
 15
 Defendants' second argument is that the district court erred in refusing to set aside the default judgment because, upon learning of the default judgment, defendants "took immediate action, cited numerous meritorious defenses, and showed that the conduct complained of was not willful." We do not agree. In Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir.1988), we stated: "It is well established that court orders imposing sanctions under this rule, including the ultimate sanction of dismissal, are reviewable only for abuse of discretion." We further noted several factors to be considered in determining whether the imposition of sanctions was an abuse of discretion, including (1) whether the adversary was prejudiced by the sanctioned party's failure to cooperate in discovery, (2) whether the sanctioned party was warned that failure to cooperate could lead to an adverse judgment, (3) whether less drastic sanctions were imposed or considered before dismissal was ordered, and (4) the degree of willfulness or culpability of the recalcitrant party. Id. at 986.
 
 
 16
 In this case, CSX was clearly prejudiced by defendants' failure to cooperate in discovery in that the answers to interrogatories were not received until eight (8) days prior to the close of discovery and, when finally received, were incomplete and evasive. The district court also gave clear warning to the Mays that their failure to cooperate in discovery could lead to ultimate sanctions being imposed. Less drastic sanctions were obviously considered because the district court engaged in repeated efforts to obtain compliance, notably by granting a ten (10) day extension of time for defendants to answer the interrogatories following the first show cause order, and then by granting defendants a second show cause hearing after they failed to comply with the first order. Regarding the fourth factor, the defendants' degree of willfulness or culpability is best reflected by the district court's description of the defendants' conduct in its order granting sanctions as showing "contemptuous disdain," "procrastination," and "indifference" towards the discovery process.
 
 
 17
 Defendants attempt to circumvent a finding of culpability or willfulness on their part by blaming the discovery abuses on their attorney, Robin Webb. Such an argument was characterized by the United States Supreme Court in Link v. Wabash Railroad Co., 370 U.S. 626, 634, 82 S.Ct. 1386, reh'g denied, 371 U.S. 873 (1962), as "wholly inconsistent with our system of representative litigation" in which each party is bound by the acts of his lawyer-agent. Citing Link, the Second Circuit held that a litigant chooses counsel at his peril and that "counsel's disregard of his professional responsibilities can lead to extinction of his client's claim." Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir.1979) (footnote omitted). In order to avert a finding a culpability so as to obtain relief from a default judgment, a party must establish that he or she has been a "diligent conscientious client." Coleman v. Smith, 814 F.2d 1142, 1146 (7th Cir.1987) (quoting Inryco v. Metropolitan Eng. Co. 708 F.2d 1225, 1234 (7th Cir.1983)).
 
 
 18
 Here, the Mays have not presented evidence that they were reasonably conscientious in monitoring the progress of this lawsuit. In their brief, Charles and Cheryl Lynn May state that, upon receipt of the complaint, they forwarded it to Glenn David May because "they had been completely disassociated with the subject property for almost three years." They then state that "[t]he next communication the Appellants received in connection with this action was a default judgment" which they "promptly investigated, and hired independent counsel." These facts are wholly inadequate to establish due diligence on their part. The fact that defendants claim they never received any communication from anyone concerning the case had no impact upon their independent duty to contact either a lawyer or the court to follow the progress of the case at some point prior to receiving the default judgment. Defendants were not free to drape a cloak of agency around their attorney and then close their eyes to further developments in the case.
 
 
 19
 In sum, the district court did not abuse its discretion in entering a default judgment against defendants as a discovery sanction under Rule 37(d) for failure to respond to interrogatories, and in denying defendants' Rule 60(b) motion to set aside the default judgment entered against them. We AFFIRM.
 
 
 
 [1]
 Although appellants do not specify, presumably their motion was brought under either subsection (1) or (6) of Fed.R.Civ.P. 60(b), which provides in part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment
 
 
 [2]
 Rule 37(a) describes the various circumstances in which a party may bring a motion for an order compelling discovery, one of which is a party's failure to answer an interrogatory. Subsection (3) provides: "For purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer." Subsection (4) authorizes award of expenses of the motion
 
 
 [3]
 Subsection (b) of Rule 37 provides for various sanctions upon a party's failure to comply with a discovery order. Subsection (c) provides for expenses on a party's failure to admit. Subsection (d) provides for various sanctions, including default, where a party fails to attend a deposition, serve answers to interrogatories, or respond to request for inspection